**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DANNY MACK WEST,

      Plaintiff-Appellant,

v.

FRANK KEATING,

      Defendant-Appellee.

No. 00-7129
(D.C. No. 00-CV-97-S)
(E.D. Okla.)

ORDER AND JUDGMENT   *

Before **SEYMOUR** and **McKAY** , Circuit Judges, and   **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Danny Mack West appeals the district court's dismissal of his civil rights complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). We have

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction over this appeal by virtue of 28 U.S.C. § 1291. We review the legal sufficiency of appellant's complaint pursuant to Rule 12(b)(6) de novo, "accept[ing] as true all well-pleaded facts, as distinguished from conclusory allegations." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

Appellant, an Oklahoma inmate, filed his civil rights complaint against defendant pursuant to 42 U.S.C. § 1983, seeking money damages for alleged constitutional violations in connection with his incarceration. *See* R. Vol. I, doc. 2. Therein, he contended that defendant controls the Oklahoma prison and indigent defense systems and uses them for his own financial and political gain. He asserted prison overcrowding, poor medical care, and dangerous conditions, and alleged that disciplinary actions have altered his sentence in violation of his double jeopardy rights. Defendant moved for dismissal of the complaint for failure to state a claim, contending that appellant failed to exhaust administrative remedies and failed to demonstrate personal participation by defendant in the alleged constitutional violations. *See id.*, doc. 18. The district court agreed with defendant and granted the motion to dismiss pursuant to Rule 12(b)(6).

On appeal, appellant reurges his allegations about poor prison conditions, including overcrowding, and defendant's control and misuse of the system. He argues that he should not have to exhaust his administrative remedies because

he faces a substantial risk of injury, and contends that defendant should not be protected by the Eleventh Amendment. [1]

Upon consideration of the parties' briefs and the record on appeal in light of applicable case law and the standards enunciated above, we conclude that the district court correctly decided this case. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. Appellant is reminded of his obligation to pay the filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Entered for the Court

Wade Brorby
Senior Circuit Judge

---

[1] More specifically, appellant contends that he suffered from inadequate medical care in connection with a hernia he says he suffered from for three years before surgery. This claim was not presented to the district court and therefore will not be considered here. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). In any case, we note that defendant has not alleged facts showing defendant's personal participation in the alleged lack of adequate medical care. *See Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (noting personal involvement is an essential allegation in a § 1983 action).